Scot HOLLONBECK, Plaintiff,

v.

Bill TORREY, Defendant.

No. LR–C–95–813.

United States District Court,
E.D. Arkansas,
Western Division.

March 17, 1997.

Darryl E. Baker, Little Rock, AR, Andrew S. Allen, Allen & Mahl, Champaign, IL, for plaintiff.

Overton S. Anderson, C. Timothy Spainhour, Anderson & Kilpatrick, Little Rock, AR, for defendant.

1. Originally, Anheiser Busch Incorporated was also a named defendant, but was eventually dismissed from the lawsuit by the plaintiff.

## ORDER

ROY, District Judge.

Before the Court is the defendant's "Motion to Amend Answer and to File Motion for Summary Judgment." Essentially, he seeks to amend his answer to claim immunity from tort liability pursuant to the Arkansas Recreational Use Statute, Ark.Code Ann. § 18–1–301 *et seq.*, ("the Statute") then file a summary judgment motion based on that statute. For the reasons set out herein, the motion is denied in both respects.

\* \* \*

A recitation of the progression of this case is necessary. Mr. Hollonbeck's complaint was filed March 31, 1995, in the United States District Court for the Central District of Illinois and transferred to the Eastern District of Arkansas on December 14, 1995. On January 5, 1996, defendant Torrey [1] filed his answer but made no mention of the Recreational Use Statute.

The Court issued its standard "Jury Trial Scheduling Order" on May 22, 1996. It set the matter for trial on November 12, 1996, and also provided, *inter alia*, that discovery would be completed no later than July 8, 1996, that all motions must be filed by August 9, 1996, and that "[m]otions to amend pleadings ... shall be filed within 90 days of the issues being joined unless good cause is shown for delay." Finally, any objection to the dates or deadlines established by the Court's Order was to be made in writing within ten days of the entry of said Order.

On July 25, 1996, the Court ordered that certain discovery propounded to defendant Torrey on July 8, the deadline for completing discovery, would be considered timely tendered, but the Court declined to extend the motion deadline unless and until the responses to that discovery justified extending the motion deadline. The trial date was left unchanged.

On October 8, 1996, the Court ruled that plaintiff's treating physician could be deposed on videotape after the discovery dead-

line since it had become apparent that the doctor would be unavailable for trial. The Court had determined that that was the only fair way to avoid continuing the trial.

On January 9, 1997, the Court granted the plaintiff's unopposed motion to continue the trial due to his health and reset the matter for March 24, 1997. No other changes to the Scheduling Order were made. On January 21, 1997, the defendant filed this motion to amend his answer to add the affirmative defense of immunity based on the Recreational Use Statute. The proposed amended answer is the same as the defendant's original answer in all other respects. The plaintiff is opposed to the filing of any amended answer.

\* \* \*

The public policy behind Arkansas' Recreational Use Statute is plainly stated: "The purpose of this subchapter is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." ACA 18–11–301. The heart of the Statute provides that, with a couple of specific exceptions, "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for recreational purposes." ACA 18–11–304. The Statute has been "on the books" without major revision since its passage in 1965 [2] and has not been altered at all since it was amended in a minor way in 1991.

Despite the fact that the Statute has been part of Arkansas law for more than 30 years, the defendant did not include this affirmative defense in his answer as required by Rule 8 of the Federal Rules of Civil Procedure, nor did he seek to amend same until more than a year after filing his answer and more than five months after the deadline for filing all motions. Though Rule 15 of the Rules provides that leave to amend "shall be freely given when justice so requires," the Court nevertheless believes that in seeking leave at this stage of the proceedings, the defendant has simply waited too long.

Plaintiff argues he would have to seek to reopen discovery for the purpose of determining whether the Statute properly applies to this case and the Court agrees. There is apparently no dispute that the plaintiff was engaged in a race held on the streets of Little Rock on or near the grounds of the State Capitol when he collided with a parked vehicle. Likewise, there is no dispute that the defendant was the volunteer race director.

However, some matters of little relevance in a simple negligence case might take on new significance if one is opposing a summary judgment motion based on "recreational immunity;" so much the more if preparing to try a case where the Statute applies.

For example, even if one assumes that the location of the accident was "land" within the meaning of the Statute, the defendant would only be immune under the law if he were the "owner" of that property. Being an "owner" can mean possessing a fee interest (clearly inapplicable), being a tenant, lessee, or occupant (also seemingly inapplicable), or being a "person in control of the premises." ACA 18–11–302. The extent of Mr. Torrey's "control of the premises" would take on added importance.

Furthermore, the Statute does not limit liability "[f]or injury suffered in any case where the owner of the land charges the person or persons who enter or go on the land for the recreational use thereof...." ACA 18–11–307. Defendant argues that he was not required to pay an entry fee to participate in this event, but implicit in that assertion is that most folks participating in the "Bud Run" were so required.[3] It might not have seemed important during the time discovery was taking place to inquire into how many people entered the race, what was the total amount of entry fees collected, just how many entrants had their entry fees waived, etc. However, that information

---

2. Acts of Arkansas, 1965, No. 51.

3. Apparently, as an athlete of noted accomplishment, Mr. Hollonbeck was invited to come participate in the event.

would be of obvious importance if one were attempting to pierce the immunity defense by arguing that the phrase "charg[ing] the person or persons who enter or go on the land for the recreational use thereof" should not be read as merely referring to the person(s) bringing a lawsuit, but instead refers generally to the people invited onto the "land" for the particular recreational activity.[4] But without reopening discovery, plaintiff would be without the opportunity to discover that information.

Of course, this is why the Court has deadlines and spells them out to the litigants well in advance. Bringing up new arguments, theories, claims, defenses, etc. late in the game risks putting the other parties at a disadvantage. The Court finds granting the defendant's motion would likely put the plaintiff in such a position. Accordingly, the defendant's motion is denied.

IT IS SO ORDERED.

---

**4.** Presumably, the defendant would argue that if one person out of perhaps thousands raced for free (with the others paying some entry fee), that person would be the only entrant barred from bringing a negligence claim against the "owner"/organizer of that event. This strikes the Court as a rather odd reading of the statute.